IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1109-DWD |
| | ) |
| JAMES A. FLEMING, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On October 21, 2020, the United States of America filed suit against Defendant James A. Fleming seeking to reduce to judgment unpaid federal tax liabilities. Despite diligent efforts to attempt to serve Fleming, the United States has yet to effect service. By motion dated March 9, 2021, the Government requests that the Court authorize alternate service via email and via text message. (Doc. 15).

On November 5, 2020, the United States attempt to send a waiver of service to Fleming at an address in Maryville, Illinois via FedEx. The tracking history reflects that the package was undeliverable with a notation of "Incorrect address – Recipient moved." On December 15, 2020, counsel for the United States spoke with a person who identified himself as Fleming and informed him about this lawsuit over unpaid federal tax liabilities. Fleming told counsel that he wanted to discuss the matter with his lawyer and that he would not waive service. Fleming did not provide his counsel's name, and he

would not provide his current mailing address. Counsel left follow-up voicemails on December 28, 2020, and on February 2, 2021.

On February 2, 2021, counsel sent a text message to Fleming asking him to call to discuss this case. Counsel then spoke with a woman who identified herself as Sydnie R. Fleming. Ms. Fleming said she was Fleming's adult daughter but that she did not know where he was living. She gave counsel Fleming's email address and said that she also would ask Fleming to call counsel for the United States. Counsel emailed Fleming on February 2, 2021, and the email did not bounce back. Fleming has not responded to the email. Counsel continued to attempt to contact both Sydnie and James Fleming by telephone in February 2021 to no avail.

The United States also has attempted personal service on Fleming at four locations, including two addresses in Illinois and two in Oklahoma. At this point, the United States believes that Fleming is evading service and requests leave to serve Fleming via the email address provided by his daughter and via text message at the telephone number where counsel reached Fleming in December 2020.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Under Illinois law, effective service for a civil case similar to this action requires leaving a copy of a summons with the defendant or at the defendant's usual place of abode. 735 ILCS 5/2-203. When such service is "impractical," a plaintiff may move for special order of the court permitting a

"comparable" method of service that is made in a "manner consistent with due process." 735 ILCS 5/2-203.1.

The Court finds that the motion by United States clearly establishes that traditional service methods are impractical, as evidenced by the lengths to which the United States has gone to effect service and the likelihood that Fleming is evading service. As such, an alternative method of service is warranted. The Court approves of the proposed methods of emailing and texting service of process to Defendant James Fleming as consistent with due process.

For all these reasons, the motion for alternate service is **GRANTED**. The United States may effect service via email and text message to the email address provided by Defendant's daughter and via text message to the telephone number where counsel spoke with Fleming in December 2020. After service via email and text message, the United States shall file an affidavit of the individual who sent the messages with the Court. The affidavit must include the email addresses and telephone numbers used and the time when the messages were sent. The affidavit shall also confirm that no message bounced back or was otherwise returned as undeliverable. To the extent that sensitive information must be listed in the affidavit, a redacted version shall be filed unsealed with an unredacted version filed under seal.

**SO ORDERED.**

Dated: March 11, 2021

_____
DAVID W. DUGAN
United States District Judge