IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-1109-DWD |
| | ) |
| JAMES A. FLEMING, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Plaintiff United States of America's motion for default judgment against Defendant James A. Fleming. (Doc. 28) Plaintiff filed this action against Fleming seeking a judgment for Fleming's unpaid federal income tax liabilities in the amount of $196,491.86 and unpaid trust fund liabilities for his company in the amount of $268,278.54 under 26 U.S.C. § 6672. (Doc. 1) The total amount of tax liability was $464,770.40 plus statutory additions and interest accruing since October 19, 2020. (Doc. 1) The Court granted Plaintiff's request to serve Fleming by email and text message after Plaintiff established that traditional service methods were impractical. (Doc. 16) Counsel for Plaintiff then filed a sworn declaration asserting that he had sent copies of the complaint and summons to Fleming via an email address provided by Fleming's daughter and via text messages to a phone number that counsel had previously used to speak to Fleming. (Docs. 17 & 18) Fleming has not defended or appeared in this action. In April 2021, the Clerk of Court entered default against Fleming. (Doc. 22)

On September 27, 2021, Plaintiff filed a motion for default judgment against Fleming. (Doc. 28) Plaintiff complied with Southern District of Illinois Local Rule 55.1 by certifying that it sent a copy of the Clerk's entry of default and its motion for default judgment to Fleming's last known address. (Doc. 28 at 3) The Court has subject matter jurisdiction over this action pursuant to 26 U.S.C. § 7402(a). Venue is proper under 28 U.S.C. § 1391 because Fleming resides within the Southern District of Illinois.

In support of the damages requested in the motion for default judgment, Plaintiff filed an affidavit executed by Lucas Jones, a Revenue Officer Advisor for the Internal Revenue Service ("IRS"). (Doc. 28-2) The affidavit explains how Jones retrieved Fleming's taxpayer account information using the IRS's taxpayer database. Jones concludes that Fleming owes a total of $201,874.18 in federal income tax liabilities and $275,853.83 in trust fund liabilities under 26 U.S.C. § 6672, totaling $477,728.01 as of September 23, 2021. (Doc. 28-2 at 2–3) The amount of damages stated in the affidavit includes interest assessed since the time the complaint was filed, and the complaint is clear that the United States is seeking the principal owed plus interest. While ordinarily Federal Rule of Civil Procedure 54(c) prohibits entry of a default judgment that differs in kind from or exceeds in amount what is demanded in the complaint, seeking a default judgment that includes accrued interest does not run afoul of the rule. *See Silge v. Merz*, 510 F.3d 157, 159–60 (2d Cir. 2007); *Ferrara v. CMR Contracting LLC*, 848 F. Supp. 2d 304, 311 (E.D.N.Y. 2012). As such, the amount sought in Jones's affidavit is permissible under Rule 54(c).

The Court finds that Plaintiff has met the requirements for default judgment under the Federal Rules of Civil Procedure, the local rules of this Court, and the applicable

federal statutes. Therefore, Plaintiff's motion for default judgment (Doc. 25) is **GRANTED**. Pursuant to Rule 55, the Clerk of Court shall enter judgment against the defendant in the amount of $477,728.01, plus such additional amounts as may continue to accrue by law on and after September 23, 2021, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, until paid.

**SO ORDERED.**

Dated: October 20, 2021

_____
DAVID W. DUGAN
United States District Judge